**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-7604**

---

MILO EARL TUDOR, JR.,

                                        Plaintiff - Appellee,

        versus

RICKIE HARRISON, Warden of Kershaw
Correctional Institution,

                                        Defendant - Appellant,

        and

MICHAEL MOORE, Director of South Carolina
Department of Corrections; DOUG CATOE,
Assistant Director of South Carolina
Department of Corrections; STAN BURTT,
Associate Warden of Kershaw Correctional
Institution; ROBIN CHAVIS,

                                        Defendants.

---

Appeal from the United States District Court for the District of
South Carolina, at Charleston. R. Bryan Harwell, District Judge.
(CA-98-1927-2-RBH)

---

Argued: May 24, 2006                Decided: August 23, 2006

---

Before WIDENER and DUNCAN, Circuit Judges, and James R. SPENCER,
Chief United States District Judge for the Eastern District of
Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

———————————————

**ARGUED:** Vinton DeVane Lide, VINTON D. LIDE & ASSOCIATES, L.L.C., Lexington, South Carolina, for Appellant. J. Dennis Bolt, BOLT LAW FIRM, Columbia, South Carolina, for Appellee. **ON BRIEF:** Michael S. Pauley, VINTON D. LIDE & ASSOCIATES, L.L.C., Lexington, South Carolina, for Appellant.

———————————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

The plaintiff in this 42 U.S.C. § 1983 case sued the South Carolina prison authorities for existing prison conditions during his periods of confinement at Kershaw Correctional Institution and McCormick Correctional Institution. He claims under the decision of Helling v. McKinney, 509 U.S. 25 (1993), which held that a prisoner might state a valid "cause of action under the Eighth Amendment by alleging that . . . [prison authorities] have, with deliberate indifference, exposed him to levels of ETS that pose an unreasonable risk of serious damage to his future health." 509 U.S. at 35. ETS stands for environmental tobacco smoke, commonly called secondhand smoke.

After considerable maneuvering and pre-trial activity, with assignment from time to time to several district judges, the case was tried to the court without a jury. The court heard much of the testimony from witnesses ore tenus in open court including prisoners and other lay witnesses, prison officials and employees. The court also considered the prison records and the result of a court ordered examination of the premises as to the quantity of ETS, as well as reports and letters from various witnesses including experts. At the conclusion of the trial, the plaintiff released all defendants from liability except the warden of Kershaw

Correctional Institution, following which the district court filed its opinion in writing.

The district court found in favor of the defendant warden of Kershaw with respect to all claims except for a period from February 1999 until November 2001, a period of about 32 months. It found that the plaintiff had not shown a shortened life span, permanent disability, or extreme discomfort, had not shown exposure to ETS during the daylight hours and had only shown he suffered from ETS in the late afternoon and evening hours which required the use of his inhaler.

The district court based its finding largely on the failure of the prison to "either adequately enforce the non-smoking policy or at least make an attempt to develop a screening process which would restrict placing smokers with nonsmokers who have a medical need, such as Tudor." The fact that Tudor was asthmatic and thus more susceptible to injury or discomfort from tobacco smoke weighed heavily in the decision of the district court. The district court found an unmet "existing serious medical need," J.A. 697, and awarded the plaintiff $100 a month damages for the 32-month period, $3200.

We have examined the record and, following briefing and oral argument, are of opinion that the findings of the district court are almost entirely factual and are not clearly erroneous. There is no reversible error.

-4-

The judgment of the district court is accordingly

AFFIRMED.[*]

---

[*]No cross appeal was filed.